## McKINNEY v. WOOD.

District and circuit court: JURISDICTION. Under chapter 86, Laws of Twelfth General Assembly, amended by chapter 153, acts of the Thirteenth General Assembly, the circuit court has exclusive juris· diction of appeals from the special tribunals organized for the contesting of elections under chapter 37 of the Revision of 1860 ; and of all appeals from inferior tribunals in civil cases.

Statutes: REPEALS. While repeals by implication are not favored, yet, where two statutes are in irreconcilable conflict, the last one enacted will be construed as repealing the prior one.

*Appeal from Harrison District Court.*

THURSDAY, OCTOBER 9.

THE plaintiff instituted this proceeding under chapter 37 of the Revision, to contest the right of defendant to the office of treasurer of Harrison county, which he then held, claiming to have been legally elected thereto. The petition sets out certain illegal action on the part of the judges of the election of one township in conducting the election and in receiving votes, which it is claimed is cause for rejecting the whole vote of that township. Should this be done, plaintiff, who was voted for as a candidate for the same office and, it is claimed, received the greatest number of legal votes, would be entitled to the office. The court for the trial of the contest consisted of the judge of the circuit court and two triers selected under chapter 37 of

the Revision. No question is presented as to its legal organization. Before this court defendant demurred to the petition or statement of plaintiff, setting out the causes upon which he based the contest. The demurrer was sustained by the contesting court. From this decision plaintiff appealed to the district court. By that court, upon motion of defendant, the appeal was dismissed on the ground that it possessed no jurisdiction of the case. Plaintiff now prosecutes his appeal from the judgment of the district court.

*Clinton, Hart & Brewer* for the appellant.

*T. E. Brannan* and *M. Holbrook* for the appellee.

BECK, Ch. J.—The only question to be determined in this case relates to the jurisdiction of the district court of appeals in proceedings of this nature.

I. Under chapter 37 of the Revision, elections of county officers are contested before a special tribunal organized of triers (judges as they are called in the statute), two of whom are chosen by the parties concerned. This tribunal possesses no other jurisdiction; its powers cease with the disposition of the case which it is created to decide. It is therefore a special and inferior tribunal.

Chapter 86, acts twelfth General Assembly, establishing circuit courts, provides that such courts "shall have exclusive jurisdiction of all appeals and writs of error from justices' courts, mayors' courts, and all other inferior tribunals, either in civil or criminal cases." § 5. A subsequent amendment to the law (chapter 153, acts 13th General Assembly) bestows upon the district court exclusive jurisdiction of all appeals from inferior tribunals in criminal cases, and upon the circuit court like jurisdiction in appeals from such tribunals in civil cases. § 2. The court before which this case was originally tried being an "inferior

tribunal," the appeal therefrom is exclusively cognizable in the circuit court.

II. Prior to the statutes above cited, appeals in cases of this character were within the jurisdiction of the district courts. Acts 10th General Assembly, chapter 34, § 2. Counsel for plaintiff insist that, as this provision is not repealed in express words by the latter acts, it must stand under the rule that the repeal of a statute by implication is not favored. This is certainly true, and if by fair and reasonable construction conflicting statutes may be reconciled, both will be upheld and enforced under such construction. But under an equally familiar rule where two laws are in conflict and cannot be reconciled, the one last enacted must prevail, being the latest expression of legislative will. *Casey* v. *Harned*, 5 Iowa, 1.

By no reasonable construction can the statutes in question be made to harmonize. The later ones which confer jurisdiction in appeals of this character upon the circuit court, declare such jurisdiction shall be exclusive. This plain and positive language must be disregarded if we consider the prior statute unrepealed and give to it any effect whatever.

Prior to the organization of the circuit court, appeals from all inferior tribunals, as justices' courts, were taken to the district court under the express provisions of statutes. But the laws regulating the jurisdiction of the circuit court do not in terms repeal these former enactments. The construction contended for by plaintiff's counsel would preserve to the district court jurisdiction in all such cases. This has never been claimed.

The judgment of the district court is

Affirmed.