## SCHUCHART v. LAMMEY.

1. **Venue:** CHANGE OF FROM CIRCUIT TO DISTRICT COURT: JURISDICTION. The circuit court has exclusive jurisdiction of all appeals from justices of the peace in civil cases. Code, § 162. Hence, when it is desired to change the place of trial of such appeal, it must be removed to the circuit court of another county, and not to the district court. A removal to the district court can be had, under section 2592 of the Code, only in cases of which the courts have concurrent jurisdiction.

*Appeal from Dallas District Court.*

THURSDAY, DECEMBER 6.

ACTION commenced before a justice of the peace to recover the possession of specific personal property consisting of

wine and beer, and certain kegs containing the same. The defendant, among other things, pleaded that he was marshal of the incorporated town of Perry, and that he had seized the property in controversy under legal process issued under and in pursuance of an ordinance of said town and the statutes of the state. There was a trial before the justice, and judgment for plaintiff. Thereupon the defendant appealed to the circuit court, where the plaintiff filed a motion to change the place of trial, on the ground that the judge of the circuit court was so prejudiced against the plaintiff that he could not obtain a fair trial: The motion was sustained, and the cause transferred to the district court, in which court the defendant filed a motion to remand the cause to the circuit court on the ground that the district court did not have jurisdiction of the subject matter. The motion was overruled.

The plaintiff moved the court for judgment in his favor on the pleadings, which was overruled. Thereupon, " by agreement of counsel in open court, it is ordered that this cause stand continued to such time as will enable the parties to obtain the opinion of the supreme court upon the legal questions involved." Certain questions have been propounded upon which the opinion of the supreme court is asked. Both parties appeal.

*Barcroft, Bowen & Sickmon* and *Cardell & Shortley*, for plaintiff.

*H. A. Hoyt* and *North & Barr*, for defendant.

SEEVERS, J.—Among the questions certified for our consideration is one in substance as follows: Has the district court jurisdiction to try and determine a replevin cause under the circumstances above stated? This is the only question we feel called on to determine.

The circuit court has "exclusive jurisdiction in all appeals and writs of error from inferior courts, tribunals or officers." Code, § 162. A change in the place of trial in a civil action

may be had when certain specified grounds therefor' exist. Code, § 2590. " Whenever the change shall be granted on account of the prejudice or disability of the judge, the action shall be transferred to the district or circuit court of the same county, unless objections exist as to both judges, in which case it shall be transferred to the most convenient county in some other district or circuit." Code, § 2592. It is under this statute that it is insisted that the district court obtained jurisdiction. But how can this be so, if the circuit court has exclusive jurisdiction? The two statutes or sections of the Code must be construed so that both can stand and have force and effect. If the district court·has jurisdiction, the circuit court does not have exclusive jurisdiction, and yet the statute expressly declares that it has. It will be observed that the jurisdiction of the circuit court under the statute is not confined to original jurisdiction, but that its jurisdiction of the case or subject-matter is exclusive. The case, therefore, must be determined in and by the circuit court. Section 2592 of the Code must, therefore, be construed as referring to and embracing cases in which both courts have concurrent jurisdiction, and not to those where either court has exclusive jurisdiction. This construction gives force and effect to both sections of the Code. When the change was granted, it should have been sent to some other circuit court, and the district court erred in taking jurisdiction of the case. These views are in accord with the following cases: *McKinney v. Wood*, 35 Iowa, 167; *Keniston v. Hewitt*, 48 Id., 679; *Easton v. Fleminy*, 51 Id., 305; *Cerro Gordo County v. Wright County*, 59 Iowa, 485.

As the district court did not have jurisdiction of the cause, it did not have the power to call upon us to determine the other questions submitted. The cause will be remanded to the district court, with direction to sustain the motion and remand the cause to the circuit court for disposition in accordance with this opinion.

REVERSED.