## BROWNE v. HICKIE.

1. **Change of Venue:** APPEAL FROM JUSTICE AND ORIGINAL ACTION IN CIRCUIT COURT CONSOLIDATED: JURISDICTION OF DISTRICT COURT. Where an appeal from a justice and an original action in the circuit court were consolidated by consent of the parties, *held* that a new and distinct cause was created in the circuit court, of which the district court had jurisdiction on change of venue. *Schuchart v. Lammey,* 62 Iowa, 197, distinguished.

2. **Verdict:** MUST REGARD THE EVIDENCE AND INSTRUCTIONS. A verdict which has no support in the evidence, and which disregards the instructions of the court, must be set aside. See opinion for example.

3. **Contract:** EVIDENCE: INTENTION OF PARTY EXCLUDED. Where the question was whether or not the parties entered into a contract, and, if so, what were the terms of it, it was proper to consider the conduct and language of the parties during the negotiation, but evidence of the secret motives and intentions of the parties was entirely immaterial.

*Appeal from Lee District Court.*

WEDNESDAY, MARCH 17.

THE parties entered into a written contract by which plaintiff leased to defendant a building in the city of Keokuk, for

the term of one year, beginning on the first day of October, 1882, at the monthly rental of $35, payable in advance on the first day of each month. On the second day of May, 1883, plaintiff brought suit in justice's court for the rent for that month. Defendant answered, alleging that the lease was canceled by the agreement of the parties before the first day of May, and that he was therefore not liable for rent for that month. This issue was tried to a jury, and, the verdict and judgment being against plaintiff, he appealed the cause to the circuit court. He afterwards brought an action in the circuit court for the rent accruing under said lease for the months of June, July and August, and the first eleven days of September; also claiming damages for certain alleged injuries to the building. Defendant pleaded the same defense to the claim for rent which he had set up in the former action; he also denied the allegations of the count for damages. By consent of the parties, an order was entered consolidating the two causes. When this order was made there was pending on each of the causes a motion for a change of place of trial. These motions were afterwards sustained, and the consolidated cause was sent to the district court for trial. It was there tried, and, the verdict and judgment being for defendant, plaintiff appeals.

*D. N. Sprague* and *McCrary & Hagerman*, for appellant.

*Craig, Collier & Craig*, for appellee.

REED, J.—I. Plaintiff excepted to the order changing the venue to the district court; and he now contends that the

1. CHANGE of venue: appeal from justice and original action in circuit court consolidated: jurisdiction of district court.

order was erroneous, for the reason that the circuit court has exclusive jurisdiction of appeals from justice's court in civil actions. If the appeal case had been permitted to stand as a separate action, the district court could not have acquired

jurisdiction of it. *Schuchart v. Lammey*, 62 Iowa, 197; Code, § 162. We are of the opinion, however, that when the two causes were consolidated a new action was formed, which was distinct in its identity from both of them. Neither of the claims alleged by plaintiff remained to be tried, after the consolidation, as a separate issue, but a new issue was presented, which included all of them. When the parties consented to the consolidation they, in effect, agreed that the two separate actions should be discontinued, and a new and distinct action should be created, in which should be included and litigated all of the questions presented by the pleadings in both of the former actions; and the power and jurisdiction of the courts with reference to this new action were the same as though it had been brought in the manner in which actions are ordinarily instituted. We think, therefore, that the cause was properly sent to the district court for trial.

II.   The evidence shows that before the expiration of defendant's term one George Flood desired to rent the prem-

2. VERDICT: must regard the evidence and the instructions.
ises, and the parties entered into a negotiation for the termination of defendant's lease and renting of the property to Flood. Defendant's claim is that plaintiff agreed to cancel the lease in consideration of the making by him of certain improvements in the building, which Flood desired to have made. Before the improvements were completed, however, a difference arose between plaintiff and Flood as to the terms of their agreement, and the negotiations between them came to an end; and, when defendant was informed by Flood that he did not intend to take the building, he stopped the work on the improvements, and has never finished them. The district court instructed the jury that "if plaintiff was to release defendant upon defendant's doing certain work, it will be incumbent upon him to show that he completed the work he was to do; and, if he failed in some material part, he would not be released from his lease with plaintiff." No exception was taken to this instruction, and no question is made as to its correct-

ness. It must, therefore, be accepted as the law of the case. The doctrine of the instruction is that, if plaintiff's agreement was to cancel the lease in consideration of the making of the improvements by defendant, the contract would not be terminated unless the improvements were actually made. We have examined the evidence, which is all set out in the abstract, and are clearly of the opinion that the jury could have reached the verdict found by them only by entirely disregarding this instruction. Defendant was examined as a witness in his own behalf, and he did not claim in his testimony that plaintiff's promise to release him from the contract was made in consideration of his promise to make the improvements; nor does he allege in his answer that this was the agreement between them. But the averment of the answer is that the consideration of plaintiff's promise to cancel the lease was the making by him of the improvements, and his testimony is to the same effect. We think, therefore, that the verdict should have been set aside because it was not supported by the evidence, and was contrary to the instructions of the court.

III. Plaintiff was examined as a witness in his own behalf, and his counsel offered to prove by him that his inten-

3. CONTRACT: evidence: intention of party excluded. tion in the conversation with defendant in relation to the termination of the lease was to release defendant from the contract only in case a contract for the lease of the property should be entered into with Flood; but, on defendant's objection, this evidence was excluded. When it is material to determine the motive or intention with which an act was done, the testimony of the one doing the act as to his motive or intention is competent evidence. *Watson v. Chesire*, 18 Iowa, 202; *Frost v. Rosecrans*, 66 Id., 405. But the present case is not governed by that rule. The questions to be determined were whether the parties entered into a contract for the termination of the lease, and, if so, what were the terms and conditions of their agreement. These questions must be deter-

mined from the conduct and language of the parties during the negotiation. If an agreement was entered into by the parties, the undertaking of plaintiff therein must be determined alone from what was said and done by him at the time. His secret motives or intentions are entirely immaterial. We think, therefore, that the court properly excluded the evidence.

For the reason stated in the second paragraph of this opinion, the judgment will be reversed, and the cause will be remanded to the district court.

REVERSED.