VIRGINIA B. HOLMES

*v.*

AUGUSTUS A. PARKER.

*Filed at Ottawa June 16, 1888.*

1. JUDGMENT BY CONFESSION—*opening to let in defense.* A judgment by confession will not be vacated to let in a defense, when the affidavits filed in support of the motion fail to show that a defense can be successfully made. And when there is no defense to the principal indebtedness, there can be none to a note given as collateral security for the same by a third person.

2. WARRANT OF ATTORNEY—*to confess judgment—construed as to person for whose benefit it is given.* H. & E. being indebted by note to P., and pressed for payment, H. induced his wife to give her note of the same amount, payable to H. or order, and upon the same paper a warrant of attorney authorizing the confession of judgment thereon in favor of "H. & Bro., or their assigns." There had been such a firm as H. & Bro., but it did not appear it was then in existence: *Held,* that the note and warrant of attorney should be construed together, and that it was the intention of the maker of the note and power of attorney, that judgment might be confessed in favor of the payee of the note, or his assignee. In such case, the words, "& Bro.," contained in the warrant of attorney, should be rejected as surplusage.

3. The rule that a power to confess judgment must be clearly given and strictly pursued, like all other rules, has its reasonable limitations, and must not be applied with such strictness as to defeat the obvious intention of the party granting the power.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. BISBEE, AHRENS & DECKER, for the appellant.

Mr. HENRY S. MONROE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

At the March term, 1887, of the Superior Court of Cook county, there was a judgment entered by confession against Virginia B. Holmes, and in favor of Augustus A. Parker, for the amount due on a certain promissory note made by defendant to Ira Holmes, and by him indorsed to plaintiff, together with attorney's fees therein provided, amounting in the aggregate to the sum of $5649.38. With the declaration on the note there was filed the note itself, with the power of attorney attached, an affidavit proving the signature to the power of attorney, and a *cognovit*, in the usual form, by which the attorney confessed judgment for the amount due on the note, with attorney's fees. At the April term next thereafter of the court in which the judgment was entered, defendant appeared and entered her motion to vacate and set aside that judgment, and for leave to plead, and for a trial of the cause, for reasons set forth in writing, and for other reasons that would be stated upon the argument of the motion. Affidavits were filed by the respective parties, both in support and against the allowance of that motion. On the hearing of the cause the court refused to vacate and set aside the judgment, but ordered that it be reduced to $5285.80, to which ruling of the court defendant excepted. The judgment of the Superior Court was affirmed in the Appellate Court for the First District, and defendant brings the case to this court on appeal.

The grounds of defendant's motion to vacate the judgment and for leave to plead are stated in several propositions, but

the substance of all of them is the following: First, that defendant has a good defense, upon the merits, to the whole of plaintiff's demand upon the note upon which the judgment was entered; and second, that there is no sufficient warrant of attorney filed in the cause to authorize the entering of judgment by confession against defendant.

On looking into the affidavits in support of and against the motion, it does not appear there is any sufficient ground for opening the case to allow defendant to plead to the merits of the cause. It appears Ira Holmes and Frederick S. Eames were indebted to plaintiff in the sum of $6093.75, for which they gave him their note, payable on demand, and bearing date December 10, 1883. Afterwards, when plaintiff was urging payment of the note, Ira Holmes induced his wife, the defendant, to make her note to him for the exact amount of the note of Holmes & Eames to plaintiff, and bearing the same date, and delivered the same to plaintiff as collateral security for the note of Holmes & Eames to plaintiff. It was accommodation paper, and no doubt it was made to be used as it was. To this note of defendant was attached the power of attorney by virtue of which the judgment was confessed. The affidavits do not show that there is or can be any defense successfully made by Holmes & Eames, or either of them, to their note to plaintiff, and if that is so, of course defendant could make no successful defense to her note in suit. There was no error in the judgment of the court in disallowing the motion to plead to the merits of the case.

The question of most difficulty is, whether there is any sufficient warrant of attorney filed in the cause to authorize the entering of the judgment by confession. The objection taken is, the note is made payable to Ira Holmes, or order, and the warrant of attorney authorizes the judgment to be confessed in "favor of said Holmes & Bro., or their assigns." There had been such a firm as "Holmes & Bro.," but the affidavits do not disclose there was any such firm in existence at the date of

this transaction. Undoubtedly the blank used for making the note and power of attorney was one of the kind that had been used by the firm of Holmes & Bro. when engaged in business. It will be seen, the note and warrant of attorney are both on the same paper, and are both above the signature of defendant, there being but one signature. They should therefore be considered as constituting a single instrument. When that is done, it seems plain it means the attorney may confess judgment in favor of the said "Holmes or his assigns,"—that is, the payee of the note. The firm of "Holmes & Bro.," if any such firm existed at the time, had not the slightest interest in the transaction, and it would be an unreasonable construction to hold it was intended the judgment should be confessed in favor of strangers to the parties holding or owning the note.

The rule that the power to confess a judgment must be clearly given and strictly pursued, otherwise the judgment may be set aside at the instance of the defendant, like all other rules, has its reasonable limitations, and must not be applied with such strictness as to defeat the obvious intentions of the party granting the power. (*Keith* v. *Kellogg*, 97 Ill. 147.) Construing the note and warrant of attorney as a single instrument, in the light of this reasonable rule, no one can be in doubt as to its meaning. It was the evident intention of defendant the judgment should be confessed in favor of the payee or his assigns. The words, "& Bro.," contained in the warrant of attorney, may be rejected as having no meaning in that connection, and it should be construed as it would be had they been omitted, and it contained only the words "said Holmes or his assigns." Any other construction would defeat the evident purpose of defendant in making the note, and would impute to the parties the doing of a useless and even absurd thing, which the law will not do when a reasonable construction will effectuate their manifest intention.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*