# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

CHARLES P. PACKER

*v.*

·MELVILLE T. ROBERTS, for use of O. D. Wetherell, Assignee.

*Filed at Ottawa November 24, 1891.*

1. WARRANT OF ATTORNEY—*with promissory note—how construed.* A promissory note contained a power, as follows: "Now, therefore, in consideration of the premises, .... do hereby make, constitute and appoint H., or any attorney of any court of record, to be .... true and lawful attorney, irrevocable, for .... and in .... name, place and stead, to appear in any court of record, · * * * to waive the service of process and confess a judgment in favor of the said Park National Bank, or its assigns, upon said note," etc. The note and power were upon the same paper, and signed by P., and the payee was. M. T. R.: *Held,* that the donor of the power was the maker of the note and warrant of attor- ·ney, and that the words omitted from the blank spaces could be no ·other than "I," "my" and "me," and that these words could refer to no other person than the signer.

·2. The form used in drawing up a note and power of attorney was a printed form, in which the name of "Park National Bank" was printed in the body of the note as payee thereof, and in the body of the war- rant of attorney as the party in whose favor the judgment was to be confessed. The draftsman erased the words "Park National Bank" from the note, and inserted in their stead the name "M. T. Roberts,"

leaving the word "the," which preceded the name of the bank, but failed to erase the name of the bank from the power of attorney and to insert the name of Roberts: *Held,* that the evident intent was to authorize a confession of judgment in favor of Roberts or his assigns. Any different construction would make the two parts of the single instrument repugnant to each other.

3. PROMISSORY NOTE AND POWER OF ATTORNEY—*construed by rules governing written contracts.* Where a promissory note, and power of attorney to confess judgment thereon, are both written, or partly written and partly printed, over the maker's single signature, they must be regarded as one instrument, and to be construed by the same rules which govern the construction and application of written contracts in general. Its terms must be sufficiently definite to indicate the intention of the maker. If the language used makes the effect in view clear and certain, and accurately defines the power delegated, it is sufficient.

4. The real meaning of such a contract is to be ascertained from a consideration of the entire instrument, and the intent will not be defeated by such inaccuracy of language as proceeds from the omission of a word which it was the evident purpose of the signer to insert.

5. WRITTEN INSTRUMENTS—*rules of construction.* In the construction and interpretation of written instruments, every clause and every word should, when possible, have assigned to it some meaning. When this can not be done, and there remains a repugnancy, it must be got rid of by rejecting what will free the writing from it. Inaccuracy of language which results from inserting a word not meant, or using the wrong word, will not be permitted to defeat the intention, when it can be distinctly ascertained.

6. JUDGMENT BY CONFESSION—*set aside only on equitable grounds.* A motion to set aside a judgment confessed in term time, under a warrant of attorney, appeals to the equitable jurisdiction of the court, and will not be granted except upon equitable grounds. Where no defense to the merits is shown, the court will refuse to vacate such judgment.

7. SAME—*motion to set aside—affidavit of intention in signing not admissible.* On motion of the debtor to set aside a judgment entered against him by confession, under a power annexed to his promissory note, in favor of the assignee of the payee, the affidavits of the payee and maker of the note that it was their intention to execute a simple and not a judgment note, are properly disregarded. A party to a written contract is not permitted to testify to his unexpressed motive, intent or belief at the time he signed the same or received it.

8. PARTIES—*after voluntary assignment—who to sue.* An action upon a promissory note, where the payee has made a voluntary assignment for creditors, is properly brought in the name of the payee, for the use of his assignee.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. J. S. GRINNELL, Judge, presiding.

Mr. E. A. SHERBURNE, for the appellant:

There was no power of attorney to confess a judgment in this case. The blank was not filled, and besides this, there was no intention of the parties to have any warrant of attorney. The suit should have been in the name of Wetherell, assignee of the payee. Rev. Stat. chap. 72, sec. 10.

There was no power to confess the judgment in favor of the payee. The power, if any, was to confess in favor of the Park Bank. *Chase* v. *Dana,* 44 Ill. 262.

Messrs. FLOWER, SMITH & MUSGRAVE, for the appellee:

The execution and delivery of the warrant of attorney, with blanks unfilled, conferred power and authority on the holder to fill the same. *Links* v. *Mayer,* 22 Ill. App. 489; *Holmes* v. *Parker,* 125 Ill. 478; *White* v. *Alward,* 35 Ill. App. 195.

The evidence of the intent of the parties was inadmissible. *Brown* v. *Hickey,* 68 Iowa, 330; *Thomas* v. *Loose,* 114 Pa. St. 35; *Coke* v. *Bank,* 116 id. 264; *McCormick* v. *Joseph,* 77 Ala. 236; *Lake* v. *Freer,* 11 Bradw. 576; *Gardt* v. *Brown,* 113 Ill. 475; *Cihak* v. *Klekr,* 117 id. 643.

A judgment by confession, though unauthorized and irregular, will not be set aside unless some equitable ground be shown therefor. *Rising* v. *Brainard,* 36 Ill. 79; *Hemstead* v. *Humphrey,* 38 id. 90; *Farwell* v. *Meyer,* 36 id. 510; *Ball* v. *Miller,* 38 id. 110; *Sterhl* v. *Shipp,* 44 id. 133; *Knox* v. *Winsted Bank,* 57 id. 330; *Colson* v. *Leitch,* 110 id. 504; *Hansen* v. *Schlesinger,* 125 id. 231.

Judgment was properly confessed in the name of Roberts, the payee, as the note was not indorsed. *Ryan* v. *May,* 14 Ill. 49; *Badgley* v. *Votrain,* 68 id. 25; *Chickering* v. *Raymond,* 15 id. 362; *Fortier* v. *Darst,* 31 id. 213; *Barrett* v. *Hinckley,* 124 id. 32.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

On August 28, 1890, being one of the days of the August term, 1890, of the Circuit Court of Cook County, a judgment by confession for $5186.63 was entered up in said court in favor of the appellee, Melville T. Roberts suing for the use of O. D. Wetherell, assignee of Melville T. Roberts, Insolvent, and against the appellant, Charles P. Packer. On September 20, 1890, being the last day of said August term, 1890, of said Circuit Court, the defendant, Packer, entering his appearance only for the purpose of the motion hereinafter stated, and for no other purpose whatsoever, filed a motion to correct the record of said judgment, and to set the same aside, and quash the execution issued thereon. On September 22, 1890, being the first day of the September term, 1890, of said court, the motion was submitted to the court; a hearing thereon was had, the defendant reading two affidavits in support of the motion, and the plaintiff reading two affidavits in opposition thereto; and the motion was overruled and denied. The judgment overruling and denying the motion was taken to the Appellate Court by writ of error issued therefrom, and was affirmed by the latter court. The present appeal brings before us for review the judgment of the Appellate Court. The following is a copy of the note and warrant of attorney upon which the judgment was entered:

"$5000.                          CHICAGO, *March 10, 1890.*

"On demand, after date, I promise to pay to the order of the M. T. Roberts, of Chicago, at his office, five thousand dollars, for value received, with interest thereon at the rate of eight per cent per annum after due until paid, (and . . . . per cent additional as attorney's fees, provided, however, that if this note is paid without suit or judgment, then no attorney's fees are to be paid.)

"Now, therefore, in consideration of the premises, . . . . do hereby make, constitute and appoint Walter M. Howland, or.

any attorney of any court of record, to be . . . . . true and lawful attorney, irrevocable, for . . . . and in . . . . name, place and stead, to appear in any court of record, in term time or vacation, in any State or Territory of the United States, at any time before or after the said note becomes due, to waive the service of process, and confess a judgment in favor of the said the Park National Bank of Chicago, or its assigns, upon said note, for the amount thereof, and interest thereon to the day of the entry of said judgment, together with costs and damages, and also said attorney's fees ; and also to file a *cognovit,* for the amount thereof, with an agreement therein that no writ of error or appeal shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment, and to release all errors that may intervene in entering up said judgment or issuing execution thereon ; and also to consent to immediate execution on said judgment ; also, to waive all benefit or advantage to which . . . . . may be entitled by virtue of any homestead or any other exemption law, and all laws authorizing the redemption of lands after sale under execution, now or hereafter in force, in this or any other State or Territory of the United States, where judgment may be entered by virtue hereof, hereby ratifying and confirming all that . . . . . . . . ., said attorney, may do by virtue hereof.

C. P. PACKER."

The first objection made by counsel for appellant is, that there was no power of attorney authorizing judgment to be entered, because the blank spaces in the instrument purporting to be such power were not filled up, and because the maker and payee of the note swear in their affidavits presented on the hearing of the motion, each separately, that the warrant of attorney was not intended by him to have any force or efficacy, but that the note was intended to be a simple promissory note, and that the blanks were not filled up for this reason.

It appears that Packer was president of the Park National Bank of Chicago, and Roberts was its vice-president and one of its directors and, at the same time, owner of a bank in that city known as the Thirty-first Street Bank; that subsequently the Park National Bank failed and went into the hands of a receiver; that Roberts also failed and made an assignment to O. D. Wetherell; that Roberts owned a large amount of stock in the Park National Bank and owed it about $36,000.00. The affidavit of Roberts, the payee of the note, merely states that it was his individual intention to sign a simple, and not a judgment, note. The affidavit of Packer also states, that it was his individual intention to sign a simple note and not to execute a power of attorney. The court below properly disregarded such testimony as this. A party to a written contract is not permitted to testify to his unexpressed motive, intent or belief at the time he signed the contract. "The thoughts of one party can not be proved to bind the other." His secret motives or intentions are entirely immaterial. (*Thomas et al.* v. *Loose et al.* 114 Penn. St. 35; *Browne* v. *Hickie,* 68 Iowa, 330; *McCormick* v. *Joseph,* 77 Ala. 236; *Cihak* v. *Klekr,* 117 Ill. 643; *Garat* v. *Brown,* 113 id. 475.) As there is no evidence of any communication between the payee and the maker of the note as to the intention of each as stated above, nor any evidence of any agreement between them as to the nature of the written instrument signed by them, or as to the effect to be given to it, it is unnecessary to determine whether or not such evidence could in any event be allowed to control the contract. If the intention really was to make an ordinary note, and not a judgment note, it is difficult to understand why these parties, who were bankers and experienced business men, did not either use the common blank of a simple promissory note, or erase the portion of the blank used, which set forth the power of attorney.

We do not think that the power of attorney was invalid because the blank spaces shown as above were not filled up.

The note and power of attorney are both written over one signature and must be regarded as one instrument. Such an instrument is to be construed by the same rules, which govern the construction and application of written contracts in general. Its terms must be sufficiently definite to indicate the intention of the maker. If the language used makes the object in view clear and certain, and accurately defines the power delegated, it is sufficient. The real meaning is to be ascertained from a consideration of the entire instrument. The intent will not be defeated by such inaccuracy of language as proceeds from the omission of a word, which it was the evident purpose of the signer to insert. An application of the ordinary rules of construction to the foregoing instrument shows clearly, that the person intended to be designated as the donor of the power was the maker of the note and warrant of attorney, C. P. Packer. The words omitted from the blank spaces, according to the most natural interpretation, can be no other than "I," "my" and "me," and these words can refer to no other person than the signer. It has been decided in several cases, that unfilled blanks in warrants of attorney, such as those now under consideration, may be read as though the name of the party against whom the judgment is to be confessed, had been inserted. (*Vliet* v. *Camp*, 13 Wis. 198; *Leversey* v. *Kitchen*, 80 Penn. St. 160; *Links* v. *Mayer*, 22 App. Ct. Ill. Rep. 489.)

The next objection is, that the warrant of attorney conferred no power to enter judgment in favor of M. T. Roberts, the payee in the note, but only conferred the power to enter judgment in favor of the "Park National Bank of Chicago or its assigns." This objection is not without force, and is apparently justified by the language of the power, but a careful examination will show that it cannot be sustained.

The form, used in drawing up this note and power of attorney, was a printed form, in which the name of the "Park National Bank" was printed in the body of the note as the payee thereof, and in the body of the warrant of attorney as

the party in whose favor the judgment was to be confessed. The draftsman erased the words "Park National Bank" from the note, and inserted in their stead the name, "M. T. Roberts," leaving the word "the" which preceded the name of the Bank, but evidently omitted to erase from the power of attorney the words, the "Park National Bank of Chicago or its assigns," or to insert in their stead the name "M. T. Roberts," or his assigns. We have said, that "it would be an unreasonable construction to hold it was intended the judgment should be confessed in favor of strangers to the parties holding or owning the note." (*Holmes* v. *Parker*, 125 Ill. 478.) Inasmuch as the note and power of attorney, being over one signature, must be considered as constituting a single instrument (*Holmes* v. *Parker*, *supra*), it would be an unreasonable construction to hold that the intention was to have the judgment confessed in favor of the Park National Bank or its assigns when the note was payable to the order of M. T. Roberts. Such a construction would make the two parts of a single instrument repugnant to each other. Bishop in his work on Contracts (secs. 384 to 386) says: "Every clause and even every word should, when possible, have assigned to it some meaning. * * * The necessities of interpretation may compel the rejection of a word or phrase. * * * After interpretation has exhausted itself in harmonizing the several clauses and words, if there is a residue which cannot be reconciled, the repugnancy must be got rid of by rejecting what will free the writing from it." The intention here manifestly was to confer the power to confess judgment in favor of the payee or holder of the note. The judgment to be confessed was to be a judgment "*upon said note*," referring to the note payable to the order of M. T. Roberts. The note was not payable to the order of the Bank, nor was it ever assigned to or owned by the Bank. Parties will not be presumed to have intended to do "a useless and even absurd thing." (*Holmes* v. *Parker*, *supra*.) Inaccuracy of language which results from inserting a word not meant,

or using the wrong word, will not be permitted to defeat the intention, when it can be distinctly ascertained. (Bishop on Cont. sec. 383.)

In *Holmes* v. *Parker, supra,* the note was payable to "Ira Holmes or order," and the power of attorney authorized judgment to be confessed in favor of "said Holmes & Bro. or their assigns;" motion to vacate the judgment was denied; and we there said: "It was the evident intention of defendant the judgment should be confessed in favor of the payee or his assigns. The words '& Bro.' contained in the warrant of attorney, may be rejected as having no meaning in that connection, and it should be construed as it would be had they been omitted, and it contained only the words 'said Holmes or his assigns.'" So here, the name of the Bank may be rejected, and the words "in favor of the said ...... upon said note" may be held to refer to the payee of the note or his assigns.

In giving this construction to the note and power of attorney here involved, it is to be noted that the present judgment was entered in term time in open court and not before the clerk in vacation; and this was not an appeal or writ of error from the judgment itself, but from the order of the circuit court overruling a motion to set aside the judgment. Such a motion appeals to the equitable jurisdiction which courts of law exercise over judgments by confession. (*Hier* v. *Kaufman,* 134 Ill. 215.) Where such equitable jurisdiction is invoked, a judgment by confession will not be set aside for such objections as are here urged without showing equitable reasons. (*Rising* v. *Brainard,* 36 Ill. 79; *Knox* v. *Winsted Bank,* 57 id. 330; *Hansen* v. *Schlesinger,* 125 id. 230.) No such equitable reasons are shown in the present case. It is not claimed, that the note was not given for a good and valuable consideration, or that the debt for which judgment was entered was not a just debt and honestly due, or that there was any defense to the note upon its merits.

It is urged, that, inasmuch as Roberts had become insolvent, and made an assignment under the Assignment law of this State, his right to sue on the note was at an end, and that, under the statute, the suit should have been brought in the name of Wetherell, the assignee. We think that the suit was properly brought in the name of Roberts for the use of the assignee for the reasons set forth in *Packer* v. *Roberts, post,* 671.

We see no reason for disturbing the judgment of the Appellate Court, and it is accordingly affirmed.

*Judgment affirmed.*