Shauck, J.
Upon the question presented no consideration is due the suggestion of counsel for the *353 mortgagee that judgment notes are dangerous instruments. Their use in this state is inveterate, and it is not to be discontinued by violence to the rules of interpretation. Does the language used in these instruments show that the makers intended to authorize an attorney to appear for them, waive summons and confess judgment against them and in favor of the holder of the note? That the power was to be exercised in favor of the holder of the note could not have been made clearer.
Notwithstanding the use of the singular pronoun in the obligatory part of the instrument, it is settled that it is the promise of both makers, their obligation being several as well as joint. Wallace v. Jewell, 21 Ohio St., 163. No reason appears why the use of that number should limit the aüthority conferred by the warrant any more than the obligation to pay. Nor does any substantial defect in the warrant result from the omission to fill the blanks. By the terms of the instrument the makers of the note are the donors of the power which is conferred. Their relation to the instrument and the use of the copulative conjunction sufficiently indicated the persons against whom judgment should be rendered. The instruments as executed express elliptically what would have been expressed more fully if the blanks had been filled. The language actually employed in the power suggests “we” and “us” as the only words which could, with propriety, be inserted in the blanks. Sweesey v. Kitchen et al., 80 Pa. St., 160; Packer v. Roberts, 140 Ill., 9.

Judgment of the circuit court reversed and judgment for plaintiff in error.