We do not deem it necessary to take up the other assignment of error. For the reasons indicated, the trial court erred in denying the plaintiff's motion for leave to amend, and the judgment of the trial court will therefore be reversed and the cause will be re-manded to the Superior Court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

---

**William H. Fisher, Appellee, v. William H. Wecker, Appellant.**

**Gen. No. 23,565.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 24, 1918.

### Statement of the Case.

Action by William H. Fisher, plaintiff, against William H. Wecker, defendant, to recover rent alleged to be due under a written lease. Judgment by confession was entered for plaintiff for $147.50, which included an attorney's fee of $20. Defendant, on motion, was later permitted to appear and defend, and on the trial by the court without a jury it was shown, and conceded by plaintiff, that defendant was entitled to a credit of $20 as of the day the judgment by confession was entered. After hearing the evidence, the court found the issues for the plaintiff and entered an order reducing the judgment by confession by the amount which defendant had paid and affirmed the judgment by confession as reduced and ordered it to stand as the judgment of the court. From this judgment for plaintiff for $127.50, defendant appeals.

LEON A. BEREZNIAK, for appellant.

ADAMS, CREWS, BOBB & WESCOTT, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT—*when change in amount of judgment by confession does not preclude allowance of attorney's fee in final judgment.* Where a judgment by confession which includes an attorney's fee is, on a subsequent hearing on the merits, reduced by an amount which defendant paid on the day the judgment by confession was entered and, as reduced, is affirmed, the issues being found for the plaintiff, the change in the amount of the judgment by confession does not preclude the including of the attorney's fee in the final judgment.

2. JUDGMENT—*when attorney's fees are properly taxable against defendant upon reopening judgment by confession.* If, after a judgment by confession has been reopened, defendant has been allowed to plead and a trial has been had on the merits, the finding is against the defendant, it is proper to include a reasonable sum as attorney's fees in the final judgment, whether or not the judgment by confession has been vacated.

3. JUDGMENT—*what is proper order on reopening judgment by confession and giving leave to plead.* Where defendant has a judgment by confession reopened and is given leave to plead to the merits, it is not proper practice to vacate the judgment by confession, but the order giving defendant leave to plead should direct further that the judgment stand as security and that no further proceedings be taken thereon until further order of the court.

4. LANDLORD AND TENANT, § 325*—*when evidence sustains verdict for plaintiff for rent.* In an action to recover rent, evidence as to payment *held* not to preponderate in defendant's favor, but to support a verdict for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.