## Meade Sharp, Appellee, v. Clayton C. Barr and Grace N. Barr, Appellants.

### Gen. No. 7,738.

1. APPEAL AND ERROR—*construction of record on hearing after opening judgment.* Where a judgment by confession was entered on a judgment note and, on petition, the judgment was opened and defendant allowed to plead and on trial defendant offered no evidence and did not attack the validity of the note or warrant of attorney and the court found in favor of plaintiff and ordered that the former judgment stand as of the date of its rendition, the case then stood in substantially the same legal position that it did when the judgment by confession was entered.

2. CONFESSION OF JUDGMENT—*note and warrant in same instrument as one.* A note and warrant of attorney written over one signature must be regarded as one instrument.

3. CONFESSION OF JUDGMENT—*warrant specifying no person but contained in note payable to order.* Where a warrant of attorney authorized confession of judgment on a note which was part of the same instrument but did not specify the person in whose favor judgment might be confessed, judgment could be confessed thereon in favor of either the payee or an assignee of the note.

4. CONFESSION OF JUDGMENT—*opening leaves judgment standing.* The opening of a judgment entered by confession does not vacate the judgment which remains and subsists except in so far as it may be defeated by the defense which may be established.

5. CONFESSION OF JUDGMENT—*order where no defense shown after opening.* If no defense is established to a cause of action, a judgment by confession in which has been opened, the proper order is that the judgment originally entered stand and remain in full force and effect as previously rendered.

Appeal by defendants from the Circuit Court of Clark county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed June 17, 1924. *Certiorari* denied by Supreme Court (making opinion final).

COTTON & NICHOLS, for appellants.

H. R. SNAVELY, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case a judgment by confession was entered in the circuit court of Clark county on a judgment note in vacation, on the 28th day of September, 1923, in favor of the appellee, Meade Sharp, against the appellants, Clayton C. Barr and Grace N. Barr, for the sum of $22,433, which sum includes $2,000 attorney's fees provided for in the warrant of attorney. Afterwards, upon petition of the appellants, an order was entered by the judge of the court that the judgment be opened, and leave was granted to the appellants to plead in defense. The appellants thereupon pleaded the general issue, also an additional plea, in which they deny that the note and warrant of attorney set forth in plaintiff's declaration are sufficient to authorize a confession of judgment in favor of the appellee, or any person, except the payee of the judgment note. A jury was waived and the case tried by the court. The trial resulted in a finding in favor of the appellee and against the appellants, and an order was entered that the judgment theretofore rendered stand in full force and effect as of the date of the rendition thereof. An appeal is prosecuted from the finding and judgment.

On the trial the appellants offered no evidence under their pleas nor did they in any way attack the validity of the note or warrant of attorney. In that state of the record the case at the end of the trial stood substantially in the same legal position as it stood at the time the judgment was entered.

The main contention of the appellant for reversal of the judgment is that "since the warrant of attorney on the note did not run in favor of legal holders, assignees, etc., but only authorized a confession of judgment generally, it was merely a personal obligation between the original parties, and not negotiable so as to confer any rights upon a subsequent holder, such

as the plaintiff in this case, and, for this reason, any consideration of the warrant of attorney by the trial court was error.'' The note and warrant of attorney are as follows:

''$20,000.00   Martinsville, Illinois, August 16, 1919.

''Five years after date we promise to pay to the order of Oscar Langel Twenty Thousand Dollars for value received, with interest from date at the rate of six per cent per annum.

''And we also agree that an Attorney's fee of 10 per cent of the principal sum above mentioned shall become due and payable on default in the payment of this note at maturity, and consent that said fee may be made a part of any judgment rendered hereon. And to secure the payment of the above amounts we hereby constitute and appoint any attorney of any Court of record, in any State or Territory of the United States, our Attorney to appear for us, in any such Court, in term time or in vacation, at any time hereafter, and waive the issue and service of process, and confess judgment against us for the amount of the note including interest then due, if any, and 10 per cent of the principal sum above mentioned for attorney's fee, and costs, and file a cognovit for that amount and an agreement releasing all errors and waiving all appeal in said cause, and that no bill in equity shall be filed to interfere with the operation of said judgment or any execution issued thereon.

''All signers of this note are principals, and no extension of the time of payment, by the receipt of interest or otherwise, shall release us, or either of us from the obligation of payment.

CLAYTON C. BARR.
GRACE N. BARR.''

The note and warrant of attorney are both written over the one signature of the appellants, and must be regarded as one instrument. *Holmes v. Parker,* 125 Ill. 478.

It is well settled that the power to confess judgment embodied in a warrant of attorney must be strictly

pursued. And where the warrant specifies a particular person in whose favor the judgment may be taken, it cannot be taken in favor of any other person. *Keen v. Bump,* 286 Ill. 11. However, "the rule that the power to confess a judgment must be clearly given and strictly pursued, * * * like all other rules, has its reasonable limitations, and it must not be applied with such strictness as to defeat the obvious intentions of the party granting the power." *Holmes v. Parker, supra.* Where no specific person is designated as beneficiary, and it becomes a matter of construction of the instrument to ascertain who was meant to be the beneficiary of the judgment, the intention of the parties granting the power governs the construction, if it can be arrived at from the language and the provisions of the instrument. "Such an instrument is to be construed by the same rules, which govern the construction and application of written contracts in general. Its terms must be sufficiently definite to indicate the intention of the maker. If the language used makes the object in view clear and certain, and accurately defines the power delegated, it is sufficient. The real meaning is to be ascertained from a consideration of the entire instrument." *Packer v. Roberts,* 140 Ill. 9.

In this case the warrant of attorney expressly authorizes the confession of a judgment against the appellants in term time or vacation, and at any time after the date of the note, and for the amount of the note and interest and the attorney's fees, but it does not specify the person or persons in whose favor the judgment may be confessed; and it is a question therefore what legal inference may be drawn in that respect from the terms and provisions of the note and warrant of attorney. There arises a reasonable inference in considering the question, that the makers of the note must have had in mind in delegating the power to confess judgment, that the note was a negotiable

instrument, which at the confession of the judgment might either be in the hands of the payee or in the hands of an assignee, in the ordinary course of business and trade; and the warrant states that the purpose of granting the power to confess the judgment is to secure payment of the note; the note which the makers must have realized might, at the time payment be required, be properly in the hands of an assignee; and it is therefore a just and reasonable assumption that the makers of the note in delegating the power to confess the judgment to secure the payment of the note must have intended that the power be exercised in favor of whoever be entitled to such payment at the time the judgment was confessed. If the makers had an intention to limit the power in that regard, it may be rightly assumed they would have made the limitation in the warrant. We are of opinion, therefore, that a proper and reasonable construction of the terms and provisions of the note and the power of attorney result in the conclusion that the makers of the note in conferring the power to confess a judgment intended it to be confessed in favor of whosoever was entitled to such payment, which would be either the payee or the assignee of the note. It was held in *Keenan v. Blue,* 240 Ill. 177, that the warrant of attorney to confess a judgment for the amount due upon a negotiable note passes, by assignment, to the legal holder of the note as a substantial part of the note itself. And this court held in *Shepherd v. Wood,* 73 Ill. App. 486, that under the terms and provisions of a note and warrant of attorney, substantially the same in character and effect as the one here involved, the assignee of the note was entitled to the benefit of the confession of a judgment.

Concerning the other contentions of the appellants, it may be said that the opening of a judgment entered by confession for the purpose of giving leave to the

defendant to plead a defense, which he claims to have thereto, does not vacate the judgment, but the judgment remains and subsists, except in so far as it may be defeated by the defense which the defendant may establish. If no defense is established, then the proper order is the one entered in this case, namely, that the judgment originally entered stand, and remain in full force and effect as previously rendered. *Fisher v. Wecker*, 210 Ill. App. 345; *Cervanka v. Hunter*, 185 Ill. App. 547; *Morris v. Taylor*, 199 Ill. App. 588; *Northwestern Coal Co. v. Tyrrell*, 133 Ill. App. 472. For the reasons stated the judgment is affirmed.

*Judgment affirmed.*