Smith v. Dazey.

---

## J. O. Smith, et al., v. J. E. Dazey.

1. STRIKING PLEAS FROM FILES—*when error.* It is error to strike pleas from the files where they have been interposed pursuant to the granting of a motion to set aside a judgment by confession.

2. ALTERATION OF INSTRUMENT—*effect of.* The alteration of a promissory note by increasing the amount for which the maker may be held liable thereunder, is a good defense to the note as an entirety.

Judgment by confession. Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed February 1, 1906.

Walter C. Headen, George B. Rhoads and Dove &
Dove, for appellants.

R. M. Peadro, for appellee.

Mr. Presiding Justice Puterbaugh delivered the opin-
ion of the court.

In this case a judgment was entered on June 30, 1904, by
the clerk of the County Court of Shelby county, in vacation,
for $88.15, in favor of appellee, against appellants on a
judgment note, the judgment including a $25 attorney fee.
Afterwards, on July 13, 1904, in term time, defendants
moved the court to set aside and vacate this judgment and
to stay execution and allow the defendants to plead.   The
motion was supported by the affidavits of the makers of
the note, stating that the note upon which the judgment had
been confessed had been materially altered since its execu-
tion; that when the note was executed a scroll was inserted
in the space in the warrant of attorney where it is custo-
mary to insert attorney's fees; that at the time of the exe-
cution there was nothing else in said space; that when the
note was again seen among the files of the County Court
and after judgment had been confessed on same, the figures
"25.00" had been inserted above this scroll, and that amount,
as attorney's fees, had been included in the judgment so en-
tered in vacation.   The motion to vacate the judgment en-
tered in vacation was allowed on July 28, 1904, by the
County Court and the judgment set aside and vacated.

On November 11, 1904, the defendants filed two pleas: the
general issue and the general issue verified.   By agreement
of the parties the case was certified from the County Court
to the Circuit Court of Shelby county.   When the case was
called for trial on March 14, 1905, the plaintiff filed a
"cross-motion" asking that the judgment which had been
entered in vacation in the County Court and which had
been vacated and set aside by order of the County Court be
reduced in the sum of $25.   The motion was allowed and
the judgment of the County Court for $88.15, which had

been set aside and vacated by the County Court, was reduced to $63.15. Plaintiff then filed another motion to strike from the files the pleas of the defendants and asking that judgment be entered for plaintiff for $63.15. This motion was also allowed and the pleas of defendants were stricken from the files and judgment rendered against the appellants for $63.15 and costs of suit, without trial. From such judgment the defendants appeal.

The Circuit Court undoubtedly treated the judgment by confession as still in force, notwithstanding it had been opened and a plea in bar interposed. In this the court erred. The action then stood as it would have, had the suit been an ordinary suit upon the note by summons, and the defendants were at liberty to plead any matter in bar that might have been pleaded in an ordinary action in assumpsit. Borchsenius v. Canutson, 100 Ill., 82. To attempt to reduce and restore to life a judgment no longer in existence, and to strike proper pleas from the files, thus depriving the defendants of the right to a trial by jury of the issues joined, was manifest error for which the judgment must be reversed and the cause remanded.

The note and warrant of attorney being signed as one paper must be construed together. Sherman v. Baddely, 11 Ill., 622; Packer v. Roberts, 140 Ill., 9. The insertion of the figures "25.00" in the warrant would therefore constitute a material alteration of the note. Burwell v. Orr, 84 Ill., 465. Such alteration, if proven, was a complete defense thereto, which was properly interposed by the plea of general issue, verified.

*Reversed and remanded.*