## Edwin Heslip v. Hjalmar Anderson et al.

### Gen. No. 13,284.

1. JUDGMENT NOTE—*what sufficient execution of.* A sufficient execution of a note and warrant to confess judgment appears where the signature of the maker is attached only to the warrant of attorney at the foot of the same sheet of paper upon which both the note and warrant of attorney were written.

2. INJUNCTION—*when does not lie to restrain enforcement of judgment at law.* A bill does not lie to restrain the enforcement of a judgment at law where the defendant therein either might or could have availed at law of all the matters set up in the bill by way of defense to the judgment.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed May 13, 1907.

N. A. KAUFMANN, for appellant.

CHARLES R. NAPIER, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order dissolving an injunction and dismissing appellant's bill for want of equity.

The bill as amended sought to enjoin the prosecution of suits on weekly instalments of $15 each on a debt of $350. It appears that Anderson sold to Heslip a saloon business in Chicago, as Heslip claims, for $1,350, but as he avers in his bill, Anderson insists the purchase price was $1,700. Heslip says he paid the $1,350 in cash, but avers that Anderson, while not denying receipt of such cash payment, claims that appellant signed in form a judgment note for $350 for the balance of the purchase price of $1,700, payable in two months, and is further contending that the note was defectively executed, in that Heslip only signed the warrant of attorney to confess judgment, and did

not sign the note, although both note and power of attorney are partly printed and written on one side of a single sheet of paper. That by reason of such defective execution an action was not maintainable upon it, and that thereafter Heslip promised Anderson to pay the $350 in that instrument mentioned in weekly instalments of $15 each. That several suits were commenced for several instalments, and notwithstanding the defense claimed was made before the justices' judgments were rendered in favor of Anderson, and that other suits for other instalments are threatened and one is pending. Nils J. Hendrickson and Peter F. Bretz are county constables, holding justice court process in the case, and Charles R. Napier is counsel for Anderson. It is prayed that further prosecution of other suits and the collection of the judgments of the justice courts be enjoined, and that the alleged note for $350 be delivered up and canceled. The injunction as prayed, was granted without notice, and it was afterwards dissolved on the motion of the appellees on the face of the bill, and the bill dismissed.

There seems to be a misapprehension as to the law governing the so-called judgment note in question. It is said that the note was defectively executed because the signature of appellant was not attached to the note proper, but only to the warrant of attorney at the foot of the same sheet of paper upon which both the note and warrant of attorney were written.

The rule of law governing an instrument executed in the same manner precisely as the note and warrant of attorney in question is promulgated in Packer v. Roberts, 140 Ill. 9, in which the court say, p. 15: ''The note and power of attorney are both written over one signature and must be regarded as one instrument. Such an instrument is to be construed by the same rules which govern the construction and application of written contracts in general.''

Whether judgment be entered by confession or suits prosecuted for the $15 instalments of the alleged $350 debt, the court in which such suits might be brought

would be vested with ample power and jurisdiction to entertain the defense claimed, as set forth in the bill, and if maintained by the proofs, to relieve appellant from the obligation claimed to exist.

There was no sufficient reason for making application for an injunction without notice. We will assume that upon notice and argument the chancellor, in the first instance, would have denied the injunction for the same reasons he dissolved it when the matter was presented with the deliberation of a hearing from both sides of the controversy.

Where suits growing out of contract right, so claimed between the parties, and where the same right is not assailed by different persons, no right to an injunction exists because the assertion of such rights will involve numerous suits. Chicago Public Stock Ex. v. McClaughry, 148 Ill. 372.

Henderson v. Flanagan, 75 Ill. App. 283, was in some of its features similar to the case at bar, and more particularly in numerous suits being threatened, and the court say, on p. 297: "That a suit has been commenced and sixty more threatened, is not of itself a cause for equitable cognizance. They are all between appellant and appellee." So here, whatever suits are imminent or threatened, they must, on the facts stated in the bill, be between appellant and appellee Hjalmar Anderson.

The bill here shows no ground for the interposition of a court of equity, and, as said in Reilly v. Tolman, 54 Ill. App. 589: "Appellant can make any defense he has to the note in a suit at law, if one should be brought. The note being past due, any assignee thereof will take the same subject to appellant's rights."

The fact that two minor tribunals have heard and considered appellant's defenses, and have decided that they are not well taken, lend no force to appellant's claim, resting thereon, for the interposition of a court of equity, nor furnish, uncontroverted, any foundation for equitable relief.

The decree of the Circuit Court dissolving the injunction and dismissing the bill as amended for want of equity, is affirmed.

*Affirmed.*