### First National Bank of Mattoon, Appellee, v. S. L. Seass et al., Appellants.

1. JUDGMENTS—*construction of power to confess.* A note and power of attorney to confess judgment are to be construed as one instrument.

2. AGENCY—*when power to confess cannot be revoked.* A pr 'r to confess judgment upon a note cannot be revoked at the will of the makers.

3. NEGOTIABLE INSTRUMENTS—*what does not affect title of endorsee.* Mere suspicion, the knowledge of circumstances calculated to excite suspicion, or even gross negligence of the endorsee of commercial paper taken before maturity for value and without knowledge of any defense thereto, will not defeat his title, but the title of such endorsee can only be defeated by bad faith on his part.

Judgment by confession. Appeal from the City Court of Mattoon; the Hon. T. N. COFER, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded with directions. Opinion filed October 18, 1910.

ANDREW L. CHEZEM, for appellants.

CRAIG & KINZEL, for appellee.

PER CURIAM. This is an appeal from an order of the City Court of Mattoon denying the motion of defendants to open up a certain judgment by confession entered against them and in favor of plaintiff for $358.25, upon their note and warrant of attorney to confess judgment thereon, which said note was made payable to one H. B. Sinsabaugh and by him endorsed to plaintiff before maturity. The affidavit of the defendant, S. L. Seass, filed in support of said motion states in substance, that on March 14, 1908, he at-

tended a public sale of horses conducted by said Sinsabaugh; that said Sinsabaugh then and there represented to him that a certain mare then to be sold was of the age of seven years and not older and that said mare was a regular breeder, had borne one colt the year previous, was a full blood English Shire, was regularly registered as such and that while he, Sinsabaugh, did not have a certificate of the registration and pedigree of said mare he would have the same within a few days and would deliver the same to the purchaser of said mare at said sale; that when said mare was subsequently put up for sale by said Sinsabaugh, acting as auctioneer, he made like representations as to the age, pedigree, registration and certificate thereof and the breeding qualities of said mare, and that relying on said representations and believing the same to be true affiant bid off the said mare at the sum of $325; that, thereafter, on the same day when the note in question was by the clerk of said sale being filled out and prepared for signature, affiant requested that there be written therein a clause to the effect that said mare was full blood and registered, and that a certificate of registration would be furnished; that the First National Bank of Mattoon had agreed with the said Sinsabaugh to purchase of him all bankable notes which should be taken at such sale and that said bank then and there had its representative in the person of one George Richmond, its cashier, to pass upon the solvency of the makers and sureties on such notes; that said Richmond was present when said note was being written, and signified his willingness to accept the same when signed by affiant and his wife; that said Richmond heard the said Sinsabaugh make the representations before mentioned concerning said mare and heard affiant request the clerk of said sale to insert said representations in said note, but said Richmond refused said request, and then and there stated to affiant that the said representations made by Sinsabaugh concerning said mare were certainly correct and could be relied upon and that said

Sinsabaugh would deliver to affiant the said certificate of registration of said mare as stated and that affiant and his wife could safely sign said note, and should sign the same without said representations and statements appearing therein; that solely by reason of the said statements and representations made by said Richmond, affiant and his wife signed said note. Said affiant further states in said affidavit that at the time of said sale the said mare was of the age of ten years, and was not a registered mare; that said Sinsabaugh did not have and then well knew he could not have said mare registered, and could not and would not receive any certificate of such registration; that the said mare was not a regular breeder, and was not in foal for more than three years previous to said sale, and was not worth to exceed the sum of $150; that prior to the taking of said judgment the affiant and his wife notified the First National Bank of Mattoon, the said Richmond and the said Sinsabaugh, in writing, that they would resist payment of the said note, and demanded the surrender and cancellation of the same, because the said note was without consideration, and was procured by fraud and misrepresentations, which fraud and misrepresentation was known to the payee and to the holder of said note when the same was made and assigned, and was not known to the affiant and his wife when they signed the same.

It is first urged that the warrant of attorney, which forms a part of the note upon which judgment was entered by confession, does not upon its face identify the particular note in question. The note and warrant of attorney to confess judgment thereon are both partly written and partly printed over the signatures of the makers, which only appear under the warrant of attorney, and said note and warrant of attorney are for the purpose of construction to be regarded as one instrument. Packer v. Roberts, 140 Ill. 9; Holmes v. Parker, 125 Ill. 478; Heslip v. Anderson, 134 Ill. App. 8; Smith v. Dazey, 124 Ill. App. 399. Adopting the rule of

construction applicable to entire contracts in writing the warrant of attorney in question must be held to refer to the note of which it forms a part, and by virtue of which the judgment by confession here involved was entered.

It is next urged that the notice which was served by the defendants upon the plaintiff forbidding plaintiff to take judgment upon said note operated as a revocation of the warrant of attorney to confess judgment thereon, and that in the absence of an averment in the declaration upon said note and warrant of attorney, that the warrant of attorney remained unrevoked, no judgment by confession could properly be entered upon said note. One of the exceptions to the rule, that a principal may at his pleasure revoke the authority of his agent under a power of attorney, is where such power is given as security to the creditor. Walker v. Denison, 86 Ill. 142; 30 Am. Eng. Enc. of Law, 2nd ed., 117. The warrant here involved having been given as security to the holder of the note was not revocable at the will of the makers.

It is finally insisted that the affidavit filed by the appellant S. L. Seass in support of the motion to set aside or open up the judgment, shows such a state of facts as should have moved the court to grant such motion.

It is well settled that mere suspicion, the knowledge of circumstances calculated to excite suspicion, or even gross negligence of the endorsee of commercial paper taken before maturity for value and without knowledge of any defense thereto will not defeat his title, but that the title of such endorsee can only be defeated by bad faith on his part. Bradwell v. Pryor, 221 Ill. 602; Kavanagh v. Bank of America, 239 Ill. 404. What amounts to such bad faith in a particular case is ordinarily a question of fact for a jury.

The discounting of commercial paper is commonly recognized as being a legitimate exercise by a bank of its corporate powers. The cashier of a bank is its

general agent in the transaction of its legitimate business. Squires v. First Nat. Bank, 59 Ill. App. 134; Case v. Citizens' Bank, 100 U. S. 446.

The affidavit filed in support of the motion here involved sufficiently discloses that the plaintiff bank had entered into an arrangement with Sinsabaugh whereby it would discount the sale notes which might be given by the purchasers at the sale; that Richmond was present at the sale in his official capacity as cashier and agent of the bank to pass upon the sufficiency of the sale notes which the bank had agreed to discount; that Richmond had actual notice of the statements and representations which are alleged to have been made by Sinsabaugh at said sale respecting the animal which was there purchased by Seass, and that Richmond then stated to Seass that said statements and representations were true and could be relied upon by him. The statements and representations so alleged to have been made by Sinsabaugh to Seass constituted a substantial element of the consideration which moved the latter to purchase the mare, and it is conceded that in an action by Seass against Sinsabaugh the latter would be liable to respond in damages for the falsity of such statements and representations. It appears from the affidavit that the plaintiff bank through Richmond its cashier and general agent had actual notice and knowledge of the alleged statements and representations and that Seass to whom the same were made relied upon the same as being true.

If the facts alleged in the affidavit are established by evidence adduced upon a trial before a jury, the defendants will have interposed a substantial defense upon the merits.

Authorities cited by counsel for plaintiff announcing the rule that notice merely to the endorsee of a promissory note before maturity, that the consideration of said note is executory, will not prevent a recovery even though such consideration afterwards fails, are not controlling because the affidavit in question dis-

THIRD DISTRICT—OCTOBER, 1910.    127

closes that the consideration involved was executory only in part, viz., in so far as it related to the furnishing by Sinsabaugh to Seass of a certificate of registration.

The judgment of the Circuit Court will be reversed and the cause remanded with directions to open up the judgment and permit the defendants to plead to the merits.

*Reversed and remanded with directions.*