First National Bank of Mattoon, Appellee, v. S. L. Seass and Maggie Seass, Appellants.

1. APPEALS AND ERRORS—*opinion on former appeal.* The opinion of the Appellate Court on a prior appeal binds the trial court and the Appellate Court.

2. PRACTICE—*when error to direct a verdict.* It is error to direct a verdict where, in order to determine questions of fact involved material to the issues, it is necessary to weigh the evidence and determine upon which side the preponderance is.

3. EVIDENCE—*when error to exclude evidence that certain person made representations though he is not positively identified.* In an action on a note given by defendant for the purchase price of a mare at an auction sale it is error to exclude evidence by defendant that a certain officer of plaintiff bank was present at the sale, and made certain representations, though defendant cannot positively identify such officer.

4. EVIDENCE—*when error to exclude evidence as to representations alleged to have induced defendant to execute note in question.* It is error to exclude evidence by defendant in an action on a note given for the purchase price of a mare at an auction sale, that he relied on representations as to the mare and that without such representations he would not have executed the note, where it is claimed that such representations were made by the person who

held the sale and an officer of plaintiff bank, which it is alleged had some arrangement with such person.

Appeal from the City Court of Mattoon; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed March 18, 1913.

ANDREW L. CHEZEM, for appellants.

CRAIG & KINZEL, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On March 14, 1908, appellant gave to one H. B. Sinsabaugh, a horse dealer of Mattoon, Illinois, his promissory note for $325, being the purchase price of a mare bought by appellant at a public auction sale held by Sinsabaugh. This note was sold and assigned by Sinsabaugh to the First National Bank of Mattoon, appellee. Judgment was confessed upon this note in favor of appellee against appellant. Application was made by appellant to open this judgment, stay the execution and for leave to plead to the merits. An affidavit was filed in support of the motion made by appellants. The city court of Mattoon wherein the judgment was confessed, denied the application and refused to open the judgment and permit appellant to plead. Appellants prosecuted an appeal from that judgment and the cause was brought to this court by appeal, heard in this court and opinion filed October 18, 1910, reported in 158 Ill. App. 122. Upon the hearing in this court upon that appeal, it was held that the affidavit of appellant presented a substantial defense to the note. This court then held that if, upon a hearing, appellant substantiated the allegations and averments in his affidavit, that he would have presented a substantial defense of partial failure of consideration of the note and if the statements contained in the affidavit were substantiated by evidence, then appellee took the note with notice of such defense. The cause

was then reversed and remanded, with directions to the city court of Mattoon to open this judgment, stay execution and grant appellant leave to plead to the merits. Upon the reinstatement of the cause in that court, the directions of this court were followed in this particular and a trial was had upon the issue formed by the pleadings of appellant. At the close of the evidence upon the second hearing in that court, the court sustained a motion of appellee and directed a verdict for appellee against appellant for the amount due upon the note, a verdict was rendered under the direction of the trial court, judgment was rendered, and it is from that judgment that this appeal is prosecuted.

Appellant insists that it was error in the trial court to direct a verdict for appellee, there was sufficient evidence to require the cause to be submitted to a jury upon the questions of fact presented; they also insist that the court erred in its rulings upon the admission and rejection of evidence.

This court and the trial court is bound by the former judgment and opinion in this court. *Conner v. Conner*, 163 Ill. App. 436.

It having held therein that if evidence was offered to substantiate the facts tending to prove notice to appellee of the defense claimed by appellants, and if upon that trial the evidence produced tended to prove the representations claimed to have been made by Sinsabaugh and that they were made in the presence of an officer of the bank, as contended for in this affidavit, and that a representative of the bank was present at the time and informed appellant that he could rely upon the representations made, then the defense was good as to a partial failure of the consideration of this note. The facts which were presented in the affidavit in support of the motion to open this judgment are fully set forth in the former opinion of this court. 158 Ill. App. 122, *supra*.

Examination of this record discloses that appellant

did produce upon the trial of this case evidence tending to prove the facts set forth in the affidavit. While the evidence so produced is denied by witnesses on behalf of appellee, the question as to whether appellant's evidence preponderated was a question of fact for the jury. There was evidence produced by appellant tending to prove all of the material allegations and averments contained in his affidavit, and the fact that there was a slight variation between the testimony and the affidavit in regard to the office which one Richmond, who was present at this sale, held with the bank was immaterial. The affidavit represented that he was cashier, and the evidence disclosed that he was a vice president; the question as to what office he held in the bank, or under what title he represented it, was immaterial, if he was authorized to and did represent the bank at this time.

Appellee insists that there is no evidence in the record showing that Richmond was present at the sale by reason of a previous arrangement between the bank and Sinsabaugh as stated in the affidavit. The evidence is uncontradicted that Richmond was vice president of this bank, that he was present at the sale and appellant testifies to the conversation had between himself and Richmond who claimed to be a representative of the bank at that time. If this evidence is true it tends to show that there was some prior arrangement between the bank and Sinsabaugh, and appellants were entitled to have this question determined by the jury upon the evidence produced.

The evidence concerning the questions of fact in controversy in this record is conflicting. For the purpose of determining upon which side the greater weight or preponderance was, it was necessary to consider and weigh this evidence, and the rule is well established in this state and needs no citation of authority, that where in order to determine questions of fact involved material to the issues, it is necessary

to weigh the evidence and determine upon which side the preponderance is, it is error to direct a verdict, and upon the facts in this record it was error for the trial court to direct a verdict in this case.

Upon the contention that the court erred in the admission and rejection of evidence, we find that while appellant was not positively able to identify Richmond as the man who was present at this sale, he does testify that to best of his knowledge and belief and recollection Richmond was the man who was present and with whom he held the conversations concerning the papers or certificates entitling the mare purchased to be registered, and that the same would be furnished to him. The court excluded this evidence because appellant would not say positively that he could identify Richmond as the man. This evidence should have been permitted to go to the jury, it was proper as tending to prove the identity of the man, and it was error for the court to exclude it. It was also error for the court to refuse to permit appellant to testify that he relied upon the representations which he claimed were made to him by Sinsabaugh and Richmond, and that without such representations and statements he would not have executed this note.

There are numerous other slight inaccuracies in the rulings of the court upon the admission and rejection of evidence, but from what has been heretofore said, these will undoubtedly be cured upon another trial. We do not consider it necessary to go into them in detail.

For the error of the trial court in directing a verdict for the plaintiff, the judgment is reversed and the cause remanded.

*Reversed and remanded.*