# George J. Williams, Plaintiff in Error, v. J. C. Veeder, Defendant in Error.

## Gen. No. 21,205.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 6, 1915.

## Statement of the Case.

Action by George J. Williams, plaintiff, against J. G. Veeder, defendant, in the Municipal Court of Chicago, to recover rent due under a lease. To reverse a judgment for defendant, plaintiff prosecutes this writ of error.

The term stated in the lease was one year from May 1, 1913, with the provision that "if said lessee does not give said lessor written notice sixty days prior to the expiration of this lease of his intention to vacate said premises at the expiration of the term hereby granted, the failure to give such notice shall operate as a renewal of the tenancy for the further period of one year, at the option of the lessor." The lessee did not give notice of his intention to vacate. The *habendum* clause in the lease is as follows: "To have and to hold the above described premises with appurtenances unto the said lessee from the first day of May A. D. 1913, until the 30th day of April A. D. 1914, except as hereinafter provided."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Defendant vacated the premises April 30, 1914, and the lease provided that in case he should vacate, the same might be relet by the lessor for such a rent and upon such terms as he might see fit, and if a sufficient sum should not be thus realized to satisfy the rent thereby reserved, the lessee agreed to satisfy and pay the deficiency. Plaintiff was not able to rent the premises until June 15th.

CHARLES S. WILLISTON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 431*—*when provision for extension of lease by lessor not covenant.* A lease demising premises for the term of one year which also provides that if lessee shall fail to notify lessor sixty days before the end of the term of his intention to vacate at the end thereof, shall, at the option of lessor, operate to extend the term for a further period of one year, such provision is a present demise in case such notice is not given, and on the exercise of the option by lessor, the legal effect thereof is the same as though the lease in express words had embraced a term of two years, and it is not merely a covenant specifically enforceable in equity or on which an action at law is maintainable.

2. LANDLORD AND TENANT, § 434*—*when commencement of action for rent by landlord election to renew lease.* Where a lease for one year provides that the failure of lessee to give certain notice shall at the option of lessor operate to extend the term of the lease for a further period of the same length, the fact that lessor brings an action to recover for rent due under the lease as so extended is an election by him to treat the lease as being renewed for the further term, it appearing that the notice required was not given.

3. LANDLORD AND TENANT, § 432*—*when consideration exists for extension of lease by failure to give notice.* Where a lease for one year provided that the failure of lessee to give certain notice should operate at the option of lessor to extend the term of the lease, the same consideration which supports other provisions of the lease will

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

support the condition that failure to give the notice provided for should extend the lease, for the reason that the contract was entire.

4. LANDLORD AND TENANT, § 284*—*when lessee liable for rent upon abandonment of premises.* Where a lease provided that in case lessee should vacate before the end of the term the lessor might relet the premises on such terms as he should see fit, in which case the lessee would be liable to make good the deficiency, *held* that lessor could recover rent for the period during which he was unable to rent the premises, it appearing that lessee vacated before the end of the term.

5. LANDLORD AND TENANT, § 431*—*when tenant bound by lease providing for extension of term.* In an action to recover rent due under a lease containing a provision that failure of defendant to give certain notice should at the option of plaintiff operate to renew the lease for a further term of the same length, where it appeared that the amounts sought to be recovered were for rents accruing during the term as extended, a peremptory instruction for defendant *held* erroneous, it also appearing that defendant failed to give the notice required, and that plaintiff exercised his option to treat the lease as extended for a further term.