## William H. Morris and Margaret E. Morris, Defendants in Error, v. Walter W. Taylor, Plaintiff in Error.

### Gen. No. 22,222.

1. LANDLORD AND TENANT, § 325*—*when evidence sufficient to sustain finding that giving of notice of termination of lease not waived by agents of lessor.* In an action to recover for rent under a lease for one year, providing that unless the tenant gave sixty days' notice to the landlord of his intention to terminate the lease on the date of its expiration the lease should continue in force from year to year until terminated by like notice in some ensuing year, evidence *held* sufficient to sustain a finding that the provision for giving of notice was not waived by agents of the lessors.

2. PRINCIPAL AND AGENT, § 86*—*when agents may not change provisions in lease.* An agent to rent property may not without express authority from his principal, change provisions in the lease.

3. JUDGMENT, § 86*—*when burden of proof rests upon plaintiff after opening judgment by confession.* Where a judgment by confession under a power of attorney under a lease is opened and the defendant let in to defend and a trial had, the burden rests upon the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff to prove his case in the same way that he would have been compelled to do had no judgment by confession been entered.

4. JUDGMENT, 87*—*when proper practice to restore judgment by confession after trial had.* Where a judgment by confession has been opened and a trial had, and the issues found for the plaintiff, the proper practice is to restore the judgment by confession and not to enter an independent judgment.

5. LANDLORD AND TENANT—*what is effect of provision in lease for specified term for extension in absence of notice.* A provision in a lease for one year that unless the tenant shall give sixty days' notice to his landlord of his intention to terminate the lease on the date of its expiration the lease shall continue in force from year to year until terminated by like notice in some ensuing year is not a mere covenant which may be specifically enforced in chancery or on which an action at law may be maintained for the breach of the covenant, but is a present demise in case the lessee does not give written notice of his intention to vacate the premises within the time fixed by the lease, and is binding.

6. LANDLORD AND TENANT—*when provision for automatic extension of lease by failure of tenant to give notice of termination based upon sufficient consideration.* The same consideration which supports other provisions in a lease for one year is sufficient to support the provision that the failure of the lessee to give the notice of termination provided for in the lease shall operate as a renewal of the tenancy for the further period of one year.

Error to the Municipal Court of Chicago; the Hon. DENIS W. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916.

HIRSCHL & HIRSCHL, for plaintiff in error.

WILLIAM ENGLISH, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Defendant was tenant of an apartment for one year from the 1st day of October, 1914, under a lease which provided that unless defendant gave sixty days' notice to his landlord of his intention to terminate the lease on the date of its expiration, the lease should continue

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in force from year to year until terminated by like notice in some ensuing year. It was likewise provided that the lessor should be allowed to terminate the lease upon the same notice at the same dates as might the lessee.

The lease also contained a power of attorney to confess judgment for unpaid rent from time to time and for attorney's fees. Plaintiffs entered judgment by confession for $95 rent, being the rent for October and November, 1915, and $20 attorney's fees. On motion the judgment was opened and defendant let in to defend, the judgment meantime standing as security, and the execution was stayed until the further order of court. A trial was had before the court, without a jury, and the court found the issues in favor of plaintiffs, and it was ordered that the judgment rendered by confession stand confirmed and in full force and effect as the judgment of the court as of the date of its rendition, and that execution issue for the amount of the judgment and the costs. From this finding and judgment defendant prosecutes this writ of error.

It is not denied that defendant did not give sixty days' notice of his desire to have the term terminated, as provided in the lease. He contends, however, that the agents of plaintiffs waived the necessity of giving notice within the time provided for in the lease. This the agents denied. On September 8, 1915, defendant wrote the plaintiffs' agents that he would vacate the apartment on October 1st and that he would not renew the lease; that he needed more room, and asked the agents to send him a list of six room apartments. The following day the agents replied to defendant's letter, inclosing list of six room apartments and saying: "As we explained to you on the telephone, your lease contains a clause which required you to give sixty days' written notice prior to October 1st, if you wished to vacate on that date—and not having availed yourself of this option the lease remains in force and effect for

another year''; and promising to endeavor to re-rent
the apartment for defendant's account. The agents
fulfilled their promise by re-renting the apartment and
relieving defendant from the payment of rent accruing
after the two months' rent here involved.

The trial judge might well find from the evidence
that the agents did not waive the provisions for notice
contained in the lease; furthermore, as a matter of
law, the agents could not without express authority
from their principal change any provision of the lease,
and such authority was not proven.

The court required defendant to take the initiative
and introduced his defense first, before plaintiffs were
put to their proofs. This was an error of procedure.
When defendant was let in to plead, the case stood for
trial upon the pleadings, which cast upon the plaintiffs
the burden of proving their case under the law in the
same way they would have been compelled to do had
there been no judgment entered by confession. *Sossong
v. Rosar,* 112 Pa. St. 197; *Borchsenius v. Canutson,* 100
Ill. 82; *Smith v. Dazey,* 124 Ill. App. 399. However,
this error, resulting in the case being tried in the in-
verse order of legal procedure, is of no importance and
did not adversely affect the rights of defendant.

The proofs of the parties are in the record and by
them their rights under the law must be adjudged.
The judgment is in proper form. When the issues
were found for the plaintiffs it was according to well-
settled practice in *nisi prius* courts to restore the judg-
ment by confession. *Cervenka v. Hunter,* 185 Ill. App.
547; *Hier v. Kaufman,* 134 Ill. 215. The entry of a
separate and independent judgment would have been
erroneous.

The remaining contention is as to the binding force
of the provision in the lease, which, if legal, operated
to automatically extend the term of the lease one year
upon the tenant failing to give the sixty days' notice

therein provided for. This same question was before this court in *Williams v. Veeder,* 195 Ill. App. 413. We there held that such a provision was binding, and said:

"The provision above quoted as to the renewal of the tenancy in case the lessee failed to give notice of his intention to vacate is not a mere covenant which may be specifically enforced in chancery or on which an action at law may be maintained for the breach of the covenant; but is the present demise in case the lessee does not give written notice of his intention to vacate the premises within the time fixed by the lease."

This covenant is not a *nudum pactum,* but binding as a covenant to the same extent as the other covenants of the lease, for as further said in the *Williams* case, *supra:* "The contract embodied in the lease is an entire one, and the same consideration which supports the other provisions of the lease will support the provision that the failure of the lessee to give the notice provided for in the lease, shall operate as a renewal of the tenancy for the further period of one year, at the option of the lessor."

We see no valid reason for departing from the reasoning and the law announced in the case of *Williams v. Veeder, supra,* and the judgment of the Municipal Court is consequently affirmed.

*Affirmed.*