Anna Hymen, Appellee, v. R. J. Anschicks, Appellant.

Gen. No. 36,466.

Opinion filed April 10, 1933.

FISHER, BOYDEN, BELL, BOYD & MARSHALL, for appellant; EARL K. SCHIEK, of counsel.

PHILIP A. WEINSTEIN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Judgment by confession under a power of attorney in a lease was entered against defendant for $525; defendant moved that the judgment be vacated and set aside and supported the motion with a petition and affidavit; the court denied said motion and defendant appeals.

Defendant was a tenant of plaintiff under a written lease demising the premises for a term commencing October 1, 1930, to September 30, 1931; the judgment was for rental for May, June and July, 1932, and plaintiff affirms that this was authorized under the terms of the lease which provided for an extension or holdover as follows: After providing that the term shall expire September 30, 1931, the lease says, "and from year to year thereafter, unless and until this lease shall be terminated at the date last above mentioned,

or at a like date in any subsequent year thereafter, by the giving by either party to the other of not less than sixty (60) days' notice in writing of such termination, which said notice shall be delivered in person or sent by registered mail, when to Lessor, at the place stipulated herein for the payment of rent, and, when to Lessee, at the address of the demised premises.''

The power of attorney to confess judgment authorizes judgment against the lessee "for the amount of rent which may be then due, by virtue of the terms hereof, or of any extensions or renewals hereof, or by virtue of any hold-over after the termination hereof, and which may be in default, as aforesaid. . . .'' If the power exists to confess judgment for rental for a period subsequent to September 30, 1931, it must be by virtue of these provisions of the lease.

We are of the opinion that, following *Weber v. Powers,* 213 Ill. 370, the power to confess judgment for rent for a period after the date stated in the lease as the termination, is invalid. This was the material question in the *Weber* case. It was said there that it was the settled doctrine of this court that the authority to confess judgment without process must be clear and explicit, and must be strictly pursued; and that, if there is no power to enter the appearance of the debtor and confess the judgment, such judgment is a nullity, binds no one, and may be attacked collaterally for want of jurisdiction in the court to render it. The crux of the decision was, that where a lease has expired by its terms, the character of the subsequent tenancy, if any, raises a question of fact, and that the power to confess judgment is not a power to confess such a fact but only to confess such facts as appear from the lease. The court said:

''The fact of a renewal, or the fact of a holding over, is a fact *dehors* the written lease and the terms of the written power of attorney, contained in the lease. A

judgment by confession must be for a fixed and definite sum, and not in confession of a fact, that can only be established by testimony outside of the written documents, required by the statute to be filed in order to enter up a judgment by confession.''

This is applicable to the instant case. By the terms of the lease the lessee had the option, by giving 60 days' notice in writing, to terminate the lease on September 30, 1931; the power of attorney did not authorize a confession that such notice had not been given. This was a question of fact upon which defendant was entitled to a trial. In *Weiss v. Danilczik*, 262 Ill. App. 551, another division of this court had occasion to pass upon a similar question. There the power of attorney provided that judgment could be entered by virtue of the terms of the lease, ''or of any extensions or renewals hereof, or by virtue of any holdover after the termination hereof,'' the same language as in the instant case. The court held that the defendant was a hold-over tenant, and that the power to confess judgment for rent accruing during the term of the lease cannot be extended to rental accruing after the term of said written lease, and that such a judgment by confession was without authority of law.

Plaintiff cites two cases in opposition. In *Morris v. Taylor*, 199 Ill. App. 588, the judgment by confession was opened and defendant permitted to defend. The principal question decided was the validity of the provision extending the lease unless the defendant should give 60 days' notice of his intention·to terminate the lease on the date of its expiration. The validity of the authority to confess judgment for rental accruing during this extended period was not raised or discussed either in the briefs or opinion. In *Williams v. Veeder*, 195 Ill. App. 413, the only question involved was the validity of the provision for an extension of the lease. The holding of the Supreme Court in *Weber v. Powers*

is conclusive of the question before us, and the power to confess judgment in the present case was without authority of law.

What we have said is sufficient to dispose of this case. However, we shall note briefly another point made by defendant. By his affidavit in support of his motion to vacate the judgment, defendant shows that the lease expired by its terms September 30, 1931, and that the judgment by confession was entered for May, June and July, 1932; that about September 24, 1931, defendant entered into an oral lease of said premises through Nathan Hymen, who was the husband of plaintiff and her duly authorized agent, for a period commencing October 1, 1931, and expiring April 30, 1932; that pursuant to this agreement he vacated the premises on April 20, 1932, having paid all the rent to April 30th.

It is well settled that an executed parol agreement may be shown to defeat a recovery upon an instrument under seal. *Yockey v. Marion,* 269 Ill. 342; *Snow v. Griesheimer,* 220 Ill. 106; *Worrell v. Forsyth,* 141 Ill. 22; *Doyle v. Dunne,* 144 Ill. App. 14.

For the reason that the authority to confess judgment cannot be extended to the subsequent lease, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.