Henry Sibenaller and Josephine Sibenaller, Appellees,
v. L. H. Smock, Appellant.

Gen. No. 38,518.

Opinion filed February 3, 1936.

DeWitt B. Bayer, of Chicago, for appellant.

A. J. Deutschman, of Chicago, for appellees.

Mr. Justice O'Connor delivered the opinion of the court.

By this appeal defendant, L. H. Smock, seeks to reverse a judgment entered by confession on a lease and an order of court overruling defendant's motion to open up the judgment, and for leave to defend on the merits.

The record discloses that plaintiffs, as landlords, entered into a written lease with defendant, as tenant, the premises involved being an apartment in a building in Chicago, covering a period from October 1, 1933, to September 30, 1934, at a rental of $80 a month,

payable in advance on the first of each month. The rent claimed was $160 for January and February, 1933, together with attorney's fees of $24, and judgment for the amount claimed was entered February 8, 1935. March 6, 1935, defendant filed his verified petition to open up the judgment and for leave to defend the case on its merits. The petition set up *inter alia* the execution of the lease and that defendant learned of the entry of the judgment on February 22nd, when he received a letter from the Harris Trust & Savings Bank notifying him that his account had been garnisheed by plaintiffs. It also set up that there was no power under the lease to confess the judgment after expiration of the term covered by the lease, September 30, 1934; that about August 1, 1934, defendant notified plaintiffs that he would not remain in the apartment unless certain repairs were made, and that on or about October 1st plaintiffs agreed they would make the requested repairs and would incorporate a provision to that effect in a new lease; that defendant thereupon agreed to remain in possession of the apartment, but on November 7th, plaintiffs informed him they would not make the repairs; that defendant then gave a 30-day notice that he would vacate the premises January 1, 1935; that he paid the rent up to that time and vacated the premises about the 17th of December, 1934; that no new lease had been executed except the oral agreement above stated.

On the same day the petition was filed, March 6, 1935, the court denied defendant's motion to open up the judgment and for leave to defend; defendant excepted and an appeal bond was fixed by the court at $200; March 13th plaintiffs filed a notice of appeal. Other proceedings were had which we think unnecessary to mention here. March 23rd defendant filed a praecipe for record in which he specified what he. desired included in the record which called for substan-

tially a complete record. It was also stated in the praecipe that it was not necessary "that a copy of the Bill of Exceptions [report of proceedings of the trial] be furnished you for this purpose in as much as an Order will be entered that the original Bill of Exceptions might be transmitted to the Appellate Court." March 27, 1935, defendant's appeal bond was approved and filed. May 2nd defendant filed a notice which he had served on counsel for plaintiffs the preceding day, stating that he would ask for an order of court approving the report of the proceedings on the trial. And on the same day plaintiffs' counsel notified defendant that he would move for a dismissal of the appeal. May 2nd an order was entered postponing both motions until May 21st. The following day an order was entered extending the time 30 days within which to file a report of the proceedings of the trial, and afterward a number of other orders were entered extending such time, the last of which extended the time for filing the report of the proceedings to August 9th. August 6th an order was entered overruling defendant's motion for the court to sign and approve the report of the proceedings, plaintiffs' motion to dismiss the appeal was sustained and the appeal dismissed. August 14th defendant filed a praecipe for record with the clerk of the court which apparently called for a complete record. Afterward plaintiffs filed a petition in this court for leave to appeal in accordance with the provision of sec. 76 of the Civil Practice Act, Ill. State Bar. Stats. 1935, ¶ 204. The application was opposed by defendant but it was allowed and the case is before us on its merits.

The lease in question demised the apartment from the 1st of October, 1933, to the 30th of September, 1934, inclusive, "and from year to year thereafter, unless and until this lease shall be terminated at the date last above mentioned, or at a like date in any subsequent year thereafter, by the giving by either party to the

other of not less than sixty (60) days' notice in writing of such termination.'' The power to confess judgment contained in the lease provided that an attorney of record might authorize a judgment ''against Lessee, for the amount of rent which may be then due, by virtue of the terms hereof, or of any extensions or renewals hereof, or by virtue of any holdover after the termination hereof.''

The lease was attached to and made a part of plaintiffs' statement of claim and can therefore be considered by this court whether or not, on the hearing of defendant's motion to open up the judgment and for leave to defend, other evidence was introduced, including the lease. Sec. 74, ¶ 202, Civil Practice Act, Ill. State Bar Stats. 1935.

Counsel for plaintiffs says in his brief that defendant having questioned ''both the jurisdiction and interposed alleged defenses to the merits thereby submitted himself to the jurisdiction of the court for all purposes.'' Obviously this contention is true; but defendant was seeking to have the judgment opened up and for leave to defend on the merits, because it appeared that there was no warrant for entering the judgment after the time covered by the lease had expired, and the fact that defendant had entered his general appearance was of no consequence.

In *Hymen v. Anschicks,* 270 Ill. App. 202, where the terms of the lease were substantially the same as the lease before us, we held that judgment by confession was not warranted after the term covered by the lease had expired.

For the reasons stated in the *Hymen* case the judgment and order of the municipal court of Chicago appealed from are reversed and the cause remanded.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.